BRENDAN DOLAN State Bar No. 126732
CHAYA M. MANDELBAUM State Bar No. 239084
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Tel:  415.442.1000
Fax:  415.442.1001

Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA,
INC., a California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CATALINA ROBLES; JUAN MONTES; BENITO ESPINO; GUILLERMINA PEREZ; on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNVIEW VINEYARDS OF CALIFORNIA, INC., a California corporation; and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No. 1:06-CV-00288-OWW-DLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT**<br><br>[F.R.C.P., RULE 12(b)(6) and/or 28 U.S.C. § 1367]<br><br>Date:  June 19, 2006<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 3 |

I.  **INTRODUCTION**

The plaintiffs in this case have engaged in an inappropriate attempt to prosecute in a federal court what is almost exclusively a suit for state wage and hour law penalties. Plaintiffs' complaint includes a single federal claim under the Agricultural Worker Protection Act ("AWPA"), and eight (8) separate state law claims. Plaintiffs hope that by including the AWPA claim, the Court will exercise supplemental jurisdiction over their state law claims, rather than litigate them in what they apparently believe would be a less favorable state court venue.

The exercise of supplemental jurisdiction is not justified, since the state law claims substantially predominate, and significant, novel and untested matters of state law are presented that should be decided by California state courts.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

## II. THE COMPLAINT

### A. The Parties

The complaint alleges that all four (4) of the plaintiffs have worked for defendant at various times during the past four (4) years. Complaint ¶¶ 5-9. Only one of the plaintiffs alleges that her employment has been terminated. Complaint ¶ 6.

The complaint purports to be brought as a class action on behalf of "All persons who are employed or have been employed, and who have worked one or more shifts as non-exempt hourly and/or piece rate workers at SUNVIEW VINEYARDS OF CALIFORNIA, INC. in the State of California since four (4) years prior to the filing" of the action. Complaint ¶ 21.

The only defendant named in the complaint is Sunview Vineyard of California, Inc. Complaint ¶ 10.

### B. The Claims

The complaint pleads nine claims against Sunview.

    **1.** **Violation of the Agricultural Worker Protection Act ("AWPA").** (Complaint ¶¶ 43-43.)

Plaintiffs allege that Sunview has violated the AWPA by:

- failing to pay wages when due to plaintiffs, as required by 29 U.S.C. §1832(a).
- failing to post a notice setting forth the rights and protections provided by the Act, as required by 29 U.S.C. §1831(b)
- failing to keep accurate time and wage records for all work performed by plaintiffs and failing to provide them with accurate, itemized statements of each pay period, as required by 29 U.S.C. §1831(c)
- providing to plaintiffs false and misleading information required to be disclosed by 29 U.S.C. §1831(c)
- violating the terms of the working arrangements made with named plaintiffs in violation of 29 U.S.C. §1832(c)

    **2.** **Common Law Breach of Contract based on Failure to Pay Wages For All Hours Worked.** (Complaint ¶¶ 45-49)

Plaintiffs allege that each year Sunview enters into oral employment contracts with

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

1-SF/7371096.1

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

plaintiffs concerning their rate of compensation and that Sunview has failed to pay plaintiffs all or a portion of their earned wages.

3. <u>Failure to Pay Wages and/or Overtime.</u> (Complaint ¶¶ 50-55)

Sunview is alleged to have failed to pay wages and/or overtime by:

- requiring non-exempt employees to work in excess of ten (10) hours in a workday and/or sixty (60) hours in a workweek without compensating such employees at the rate of time and one-half (1-1/2) in violation of Labor Code §1194.
- requiring plaintiffs to perform uncompensated pre-shift and post-shift work and requiring plaintiffs to work during breaks.
- paying plaintiffs at a piece rate during pruning or tying season that made it difficult to make minimum wage.

4. <u>Failure to Reimburse Expenses in Violation of Labor Code §2802.</u> (Complaint ¶¶ 56-60)

Plaintiffs allege that Sunview required them to purchase the tools they needed to perform their job duties and deducted the cost of the equipment they did provide from plaintiffs' initial wage payments in violation of Labor Code §2802.

5. <u>Failure to Allow Meal Breaks Pursuant to Labor Code §226.7.</u> (Complaint ¶¶ 61-64).

Plaintiffs allege that Sunview failed to provide them with timely meal breaks of not less than thirty (30) minutes as required by Labor Code §226.7.

6. <u>Failure to Allow Rest Breaks Pursuant to Labor Code §226.7.</u>(Complaint ¶¶ 65-68).

Plaintiffs allege that Sunview failed to provide them with rest breaks of not less than ten (10) minutes as required by Labor Code §226.7.

7. <u>Failure to Keep Accurate Information and To Provide Accurate Statements Of All Hours Worked and Wages Earned In Violation of California Labor Code §226 and IWC Wage Order 14.</u> (Complaint ¶¶ 69-73)

Plaintiffs allege that each pay period Sunview has violated IWC Wage Order 14 by failing to keep accurate information regarding when plaintiffs began each pay period and the total hours that they worked. Plaintiffs also allege that each pay period Sunview has violated Labor Code

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

§226 by failing to provide plaintiffs with accurate statements showing their hours worked and wages earned.

        **8.**    <u>Waiting Time Penalties under Labor Code §203.</u> (Complaint ¶¶ 74-77)

Plaintiffs allege that Sunview failed to pay them the sums due at the time of termination or within seventy two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

        **9.**    <u>Unfair Competition Pursuant to Business & Professions Code §17200.</u>(Complaint ¶¶ 78-87)

Plaintiffs claim that the allegations made in their other causes of action amount to unfair competition under California Business and Professions Code §17200 et seq.

**C.**    **Related Cases**

The allegations in plaintiffs' complaint are largely the same as allegations brought against Sunview and seven other Defendants in a case captioned *Doe et al. v. D.M. Camp et al.*, Case No: 1:05-cv-01417-FVS-SMS filed in this Court on November 9, 2005. Defendant Sunview has filed a motion to dismiss the plaintiffs' AWPA claims and state law claims in *Doe*; the motion is scheduled to be heard on June 12, 2006 by Judge Anthony W. Ishii.

Additionally, a third case with similar allegations, *Valenzuela v. Giumarra Vineyards Corp.*, Case No: 1:05-cv-01600-AWI-SMS, has been brought against Giumarra Vineyards Corporation. Giumarra is also one of the defendants in the *Doe* case. Giumarra has filed a Motion to dismiss that is scheduled to be heard by Judge Ishii on May 15, 2006.

**III.**    **ARGUMENT**

    **A.**    **The Court Should Decline to Exercise Supplemental Jurisdiction.**

Eight of the nine claims alleged in plaintiffs' complaint are California state law claims. The court should decline to exercise supplemental jurisdiction over the state law claims against Sunview because novel issues of state law are raised and the state law claims clearly predominate.

District courts may decline to exercise supplemental jurisdiction in cases which raise "novel or complex" issues of state law, or where the state law claims "substantially predominate" over the claim or claims over which the court has original jurisdiction: 28 U.S.C. § 1367(c).

Morgan, Lewis & Bockius LLP  
Attorneys At Law  
New York

1-SF/7371096.1

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

District courts wisely exercise this discretion so that they will not "be called upon to resolve difficult questions of California law." *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1506 (9th Cir. 1992) quoting *Moor v. County of Alameda*, 411 U.S. 693, 715-16 (1973). Courts are, justifiably, especially disposed to decline to exercise supplemental jurisdiction due to novel, complex or predominant state law issues in cases such as this where the plaintiffs have attempted to shop for a federal forum with a host of state law claims attached to a single federal claim. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978)("A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations").

B. **State Law Claims Predominate.**

In *United Mine Workers of America v. Gibbs*, the United States Supreme Court stated that where "state issues substantially predominate, whether in terms of proof, of the scope of issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." 383 U.S. 715, 726 (1966). While *Gibbs* was decided prior to the passage of section 1367(c), the Ninth Circuit has confirmed that *Gibbs* informs a section 1367(c) analysis. *Acri v. Varian Assocs. Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

The state law claims are the obvious focus of plaintiffs' complaint. Consideration of the scope of the lone federal AWPA claim in relation to the state law claims confirms the predominance of the state law issues in this matter. It is anticipated that plaintiffs will argue that state law claims do not predominate because the alleged wage and hour law violations are incorporated into their AWPA claim. However, the case should go forward without the state law claims in federal court because the AWPA claim does not implicate significant issues of state law. Although plaintiffs' AWPA claim alleges, in part, violations arising from the failure to pay wages when due, the chief focus of the complaint is recovery of sums which are or should be considered penalties under California law, not wages, and which are recoverable only through the state law claims. California district courts are especially disposed to refuse to exercise

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1                                5                    MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                                   SUPPORT OF DEFENDANT'S MOTION TO DISMISS
                                                                   PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR
                                                                   CLASS ACTION COMPLAINT

supplemental jurisdiction in instances like this one where a party seeks to avail itself of the federal courts while simultaneously seeking to recover primarily state law remedies. *See Organization for the Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F.Supp.2d 1120, 1131 (S.D. Cal. 2005)("Given the disparity in available remedies, the Court finds that Singletary's state law claims substantially predominate over his lone federal claim.")

The Plaintiffs have attached a single federal claim to their state law complaint seeking state law penalties. The fifth claim seeks one hour penalty payment for the failure to provide meal periods. Complaint ¶¶ 61-64. The sixth claim for relief seeks one hour penalty payment for the failure to provide rest breaks. Complaint ¶¶ 65-68. The seventh claim for relief seeks penalties for the failure to provide the itemized wage statements required by Labor Code section 226. Complaint ¶¶ 69-73. The eighth claim for relief seeks waiting time penalties under Labor Code section 203. Complaint ¶¶ 74-77.

Even considering the relation of part of the AWPA claim to plaintiffs' state law claims, it is plain that the overwhelming focus of plaintiff's complaint is the alleged violation of state law, and the recovery of penalties established by the California Labor Code and applicable Wage Order. The predominance of state law issues in this case weighs heavily against the exercise of supplemental jurisdiction.

### C. Numerous Novel Issues Of State Law Are Raised.

The numerous novel, complex, untested and predominant California wage and hour issues raised by the complaint should compel the Court to decline to exercise supplemental jurisdiction and permit their resolution in the California courts. These issues include the following:

#### 1. Whether There a Private Right of Action to Sue For Meal Period and Rest Period Penalties Imposed By Labor Code Section 226.7.

Whether Labor Code section 226.7 allows for a private right of action is a significant and unresolved issue of California law that should encourage this Court to decline to exercise supplemental jurisdiction.

While Labor Code section 226.7 mandates that an employer who fails to comply with rest and meal period wage orders shall pay employees a one hour penalty, nothing in the statute

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1                                   6                    MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                                      SUPPORT OF DEFENDANT'S MOTION TO DISMISS
                                                                      PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR
                                                                      CLASS ACTION COMPLAINT

1  provides that the penalty may be recovered in a private action initiated by the employee. Cal.
2  Labor Code § 226.7. Likewise, IWC Wage Order No. 14, the wage order applicable to the
3  agricultural employee plaintiffs in this case, contains no specific authorization for a private right
4  of action. 8 Cal. Code of Regulations §§ 11140(11),(12).
5      In *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287 (1968), the California
6  Supreme Court held that no private right of action may be found to enforce a regulatory statute
7  unless the Legislature has manifest an intent to create one. The Court emphasized that the Code
8  of Civil Procedure §1158 establishes the "general rule" that "[i]n the construction of a
9  statute…the office of the Judge is simply to ascertain and declare what is in terms or in substance
10  contained therein, not to insert what has been omitted…" See also, *Katzberg v. Regents*, 29
11  Cal.4th 300 (2002); *Crusader Insurance Co. v. Scottsdale Ins Co.*, 54 Cal.App.4th 121 (1997).
12      The legislative framework which includes section 226.7 confirms that a private right of
13  action should be unavailable. California Labor Code sections 98.3 and 1197 authorize the
14  California Labor Commissioner to investigate and bring enforcement actions against employers
15  who violate the Labor code or the Wage Orders. In 1999 the Labor Commissioner was given the
16  same powers to redress meal and rest period violations as he had for minimum wage and overtime
17  powers. It is the only section within the relevant chapter that addresses enforcement.
18      The legislative history further confirms that Section 226.7 does not create a private right
19  of action. The original version of the bill containing Section 226.7 expressly provided for such a
20  right. But, as stated in the Senate Report, "[t]he option of filing a private right of action is
21  deleted" from the final version of the statute. (Senate Report dated August 28, 2000, p.5).
22  The state law controversy as to whether a private right of action under Section 226.7 may even be
23  maintained in California state court should encourage this court to decline to entertain the action
24  in federal court. Moreover, this controversy attaches to all of the state law claims being asserted
25  in this suit, but not the AWPA claim.
26      **2.    Whether Payments For Missed Meal or Rest Periods are Penalties or Wages.**
27
28      On February 22, 2006, the California Supreme Court granted a petition for review in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1           7           MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

*Murphy v. Kenneth Cole Productions*, No. S14038, directed to the issue of whether the payments required by Labor Code § 226.7 for an employer's failure to provide meal periods and rest breaks should be deemed penalties or wages. This distinction is critical to the determination as to what statute of limitations applies, and whether the types of claims under Labor Code § 226.7 found in this case are even viable. See *Mills v. Superior Court*, No. 184760 (2d Dist. January 27, 2006); *National Steel and Shipbuilding Company v. Superior Court*, No. D046692 (4th Dist. January 20, 2006). This Court should dismiss plaintiffs' claim under section 226.7 so that this unresolved issue of state law can be determined by a state court.

### 3. Whether plaintiffs' "Lay-offs" Qualify For Waiting Time Penalties Under Labor Code section 203.

Labor Code section 203 provides for a penalty to be assessed against employers who fail to pay wage due to an "employee who is discharged or who quits". Three (3) out of the four (4) Plaintiffs in this case, do not allege that they have been terminated. Rather, these Plaintiffs allege that they have worked for Sunview at various times from four years prior to this filing of the action to the present. Some of them merely indicate that they have worked at various times during the relevant period. Only one of them indicates that her employment was terminated. Complaint ¶¶ 5-9

Since the plaintiffs do not allege that they have been discharged or quit, it is likely that their claim for waiting time penalties is based upon the seasonal nature of their work and the fact that they are "laid off" at the end of each season. If this is in fact their allegation, the court will have to decide the breadth of Labor Code § 203 and whether being laid off at the end of a season qualifies as a "discharge".

There is convincing case law that would suggest that being laid off at the end of each season does not qualify as a termination for purposes of the statute. See *Argonaut Insurance Co. v. Industrial Accident Commission*, 221 Cal.App.2d 140, 145 (5th Dist. 1963)("These sections [Labor Code sections 201 and 203] refer by their terms to a situation where an individual workman is actually discharged, or to use the vernacular, 'fired,' during the course of his employment."); *Medrano v. D'Arrigo Brothers Company*, 2004 U.S. Dist. Lexis 4807 at p.7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7371096.1

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT

(N.D. Cal. 2004)("Seasonal employees such as plaintiffs are not 'discharged' within the meaning of the statute, when they are 'laid off' during the off-season with the expectation that they will return to work at the onset of the following season."). This significant state law issue should be decided in state court, not district court.

## IV. CONCLUSION

For all of the foregoing reasons, defendant Sunview Vineyards of California Inc. urges that the Court grant their motion to dismiss the eight (8) state law claims being asserted against them. Plaintiffs' state law claims should be pursued, if at all, in the appropriate state law tribunal.

Dated: May 12, 2006

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
CHAYA M. MANDELBAUM


By _____/s/ Brendan Dolan_____
Brendan Dolan
Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA,
INC., a California corporation

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

1-SF/7371096.1

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CAUSES OF ACTION IN THEIR CLASS ACTION COMPLAINT