UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA ROBLES, et al, | CIV-F-06-0288 AWI SMS |
| Plaintiffs, | ORDER RE: SUPPLEMENTAL BRIEFING |
| v. | |
| SUNVIEW VINEYARDS OF CALIFORNIA, INC., | |
| Defendant. | |

After reviewing the moving papers, the court has determined that additional briefing is necessary.

Issue 1

Can Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") claims ever be based on violation of state law, such as a state minimum wage law? If so, what is the distinction between those state laws that can be the basis of an AWPA claim and those that can not? Which of Plaintiffs' state law causes of action can be the basis of an AWPA claim and which can not? How should the court draw the line between those claims that are recoverable under AWPA and those which Plaintiffs must rely on state law for recovery? Please address these issues with special reference to "wages" and "working arrangements." The court requests both detailed case law and legislative history as this is a central issue in this suit.

1

Issue 2

Industrial Wage Commission Order No. 14-2001 states, "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee." What does this sentence mean? How is the first half to be read in conjunction with the second half? If the parties are unable to find definitive case law interpreting this meal period regulation in contrast with the equivalent language in other Industrial Wage Commission Orders, the court invites the parties to examine: (1) interpretations of this regulation by the Department of Labor Standards Enforcement; (2) the history behind the drafting of this regulation and the drafting of the equivalent language in other Industrial Wage Commission Orders, with special reference to the statements of reason/basis under Cal. Lab. Code §1177(b); and (3) legislative history and case law on Cal. Labor Code §554 that may shed light on what was intended by the exception for agriculture with respect to meal periods.

What weight should the court give to opinions of the Department of Labor Standards Enforcement in light of Tidewater Marine Western, Inc. v. Bradshaw, 14 Cal. 4th 557, 572-73 (Cal. 1996), Morillion v. Royal Packing Co., 22 Cal. 4th 575, 584 (Cal. 2000), and subsequent cases?

The parties are directed to file a supplemental brief addressing the issues outlined above by 4 PM, August 28, 2006. If they wish, parties may file supplemental responses to the other party's supplemental brief by 4 PM, September 11, 2006.

IT IS SO ORDERED.

**Dated:   July 28, 2006**                             /s/ Anthony W. Ishii
0m8i78                                                        UNITED STATES DISTRICT JUDGE