UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA ROBLES, et al, <br><br>        Plaintiffs, <br><br>    v. <br><br>SUNVIEW VINEYARDS OF CALIFORNIA, INC., <br><br>        Defendant. | CIV-F-06-0288 AWI SMS <br><br>ORDER SETTING BRIEFING SCHEDULE FOR APPOINTING INTERIM CLASS COUNSEL |

     In these cases (05-0288 and 09-0705), two groups of allied attorneys are both seeking to represent the same class of agricultural workers who were employed by Defendant Sunview. One group consists of Mallison & Martinez; Weinberg, Roger & Rosenfeld; and Milberg LLP ("Mallison Group"). The other consists of McNicholas & McNicholas; Kingsley & Kingsley; Bush, Gottlieb, Singer, Lopez, Kohanski, Adelstein & Dickinson; and Marcos Camacho ("McNicholas Group"). The court ordered all parties (McNicholas Group, Mallison Group, and Sunview) to file briefing concerning possible consolidation of the cases and how to proceed with representation of the class action. All parties agree that the cases should be consolidated under Fed. R. Civ. Proc. 42(a) as they involve common questions of law and fact. In the previous Order, the court suggested that the McNicholas and Mallison Groups could try to come to an agreement to jointly prosecute the case. The Groups have undertaken negotiations to that end, but no agreement could be reached. The McNicholas Group asks the court to appoint one of the

two groups as class counsel.  The Mallison Group asks the court to impose a working arrangement whereby the two Groups work together with the McNicholas Group as lead counsel.

Under such circumstances, the best solution is to consolidate the cases and appoint interim class counsel under Fed. R. Civ. Proc. 23(g)(3). See <u>Allen v. Stewart Title Guar. Co.</u>, 246 F.R.D. 218 (E.D. Pa. 2007); <u>Levitte v. Google</u>, 2009 U.S. Dist. LEXIS 18198 (N.D. Cal., Feb. 25, 2009).  The court has no desire to continually police a working arrangement imposed upon multiple attorneys.  As the attorneys are already affiliated into two Groups, the court assumes that they will continue to be allied in the present configurations.  Each Group is expected to name one liaison counsel through which all communication with Defendant will be conducted, avoiding miscommunication between the parties. See <u>Four In One, Inc. v. SK Foods</u>, 2009 U.S. Dist LEXIS 28657, *11 (E.D. Cal. Mar. 19, 2009).  The factors the court will consider in appointing interim class counsel are the same as those for appointing permanent class counsel under Fed. R. Civ. Proc. 23(g). See <u>Parkinson v. Hyundai Motors America</u>, 2006 U.S. Dist. LEXIS 59055, *5-6 (C.D. Cal., Aug. 7, 2006).  The court specifically requests that the two Groups "propose terms for attorney's fees and nontaxable costs." Fed. R. Civ. Proc. 23(g)(1)(C).  In a case arising out of the Northern District, the competing attorneys were asked to "specify[] the percentage of any recovery such firm will charge as fees and costs in the event that a recovery for the class is achieved. An applicant may specify alternate contingent events and the corresponding percentages to be charged. If so, the applicant shall also provide an estimate of the amount of recovery at each contingent event and the basis for that estimate." <u>In re Oracle Sec. Litig.</u>, 131 F.R.D. 688, 697 (N.D. Cal. 1990).  The more detailed the information provided (considering the consequences of both trial and settlement) the better.  If they wish, the Groups may file the information concerning financial remuneration under seal.  Determining which Group would be able to achieve maximal recovery for the class will be one part of the court's analysis.

The Mallison and McNichols Groups must file materials they wish the court to consider by 4PM, Wednesday, August 5, 2009.  The court will thereafter provide a written order; discovery remains suspended pending that order.  Once interim class counsel is appointed and the cases are consolidated, Plaintiffs will be given the opportunity to file an amended complaint that

1  embraces both cases in preparation for a motion on class certification.

2

3  IT IS SO ORDERED.

4  **Dated:      July 16, 2009**                             /s/ Anthony W. Ishii
                                                      CHIEF UNITED STATES DISTRICT JUDGE